IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| JAMSHED HAQ, | ) | |
| | ) | CIVIL ACTION NO. 3-11-00365 |
| Plaintiff, | ) | |
| | ) | JUDGE SHARP |
| v. | ) | |
| | ) | MAGISTRATE JUDGE BRYANT |
| PROST-DATA, INC., | ) | JURY DEMAND |
| | ) | |
| Defendant. | ) | |

## ~~PROPOSED~~ INITIAL CASE MANAGEMENT ORDER

In accordance with Local Rule 16.01(d)(2), the parties jointly submit this Proposed Initial Case Management Order for the initial case management conference scheduled for June 20, 2011 at 9:30 a.m.

1. **Service of Process**: Service of Process on Defendant is complete.

2. **Responsive Pleadings**: Defendant has filed an Answer to the Complaint.

3. **Jurisdiction**: Jurisdiction is undisputed. Venue is proper in this Court.

4. **Mandatory Initial Disclosures**: Pursuant to Fed. R. Civ. P. 26(a)(1), all parties must make their initial disclosures no later than 14 days after the case management conference.

5. **Discovery**:

    a. Plaintiffs shall declare the identity of their expert witnesses and provide the information specified in Rule 26(a)(2)(B) by January 1, 2011.

    b. Defendants shall declare the identity of their expert witnesses and provide the information specified in Rule 26(a)(2)(B) by February 1, 2012.

All discovery, including depositions of experts, shall be completed no later than March 1, 2012. Any written discovery shall be served in time so that responses are due no later than March 1, 2012. The parties agree not to conduct duplicative discovery taken in the parallel state court action including both written discovery and depositions. The parties further agree that depositions taken in either the state or federal court action shall be admissible subject to the applicable rules of evidence in both actions.

    c.    **Dispositive Motions:** Briefs shall not exceed <u>25</u> pages. Dispositive motions will be filed no later than April 1, 2012. Responses to dispositive motions shall be due **30 days** after the filing of the dispositive motion. Optional replies shall be due **14 days** after the filing of the response.

Prior to filing any discovery-related motion, the parties will schedule and conduct a telephone conference with the Magistrate Judge.

6.    **Amendments to Pleadings:** No amendments to the pleadings are anticipated at this time. The deadline for filing Motions to Amend the pleadings is January 1, 2012.

7.    **Electronic Service:** Counsel for the parties agree to service of case-related material not otherwise filed through the Clerk's Office by electronic mail attachment in PDF format, in addition to any other format as agreed, sent to opposing counsel's email address who shall then accept such electronic service of case-related documents in lieu of the delivery of printouts or other physical copies.

8.    **Parties' Theory of the Case:**

    a.    **Plaintiff's Theory of the Case:** Plaintiff, a former employee and job applicant of Defendant, has been subject to discrimination based on his gender and age that has caused him emotional pain, suffering, professional and personal embarrassment, humiliation,

loss of enjoyment of life, inconvenience and lost earnings and benefits. As a result he seeks damages, including lost wages, compensatory and punitive damages, attorneys' fees, costs, interest, and any other legal and equitable relief to which he may be entitled.

    b.  **Defendant's Theory of the Case:** OURLab is a urologic subspecialty laboratory providing niche pathology services to urologists and their patients. Plaintiff worked as a pathologist on a temporary, independent contractor basis for OURLab from late November 2008 through mid-March 2009 when he was told he would not be invited back due to his poor performance. Dr. Haq was an independent contractor who received 1099 wages and was treated as an independent contractor, and therefore he does not have standing to bring actions for violation of the ADEA or Title VII. However, even if Defendant is a covered "employer" of Dr. Haq within the meaning of ADEA of Title VII, Defendant denies that it discriminated against Plaintiff on the basis of his age or gender. Plaintiff was not offered a permanent position after he made mistaken diagnoses and ordered too many special stains on benign cases jeopardizing the laboratory's reputation for expertise and caused unnecessary expense to the patient. Plaintiff alleged age discrimination for the first time upon learning that he would not be offered a full-time position. During his employment he never complained of unfair treatment on the basis of his age or his gender. Dr. Haq was 70 years old when he was hired by Dr. Oppenheimer on a contract basis and either 70 or 71 when he was denied employment by Dr. Oppenheimer. Dr. Oppenheimer denies making any derogatory comments about Dr. Haq, his age or his vision. Based on Dr. Haq's mistakes and his inability to inspire confidence, he was not invited to become an employee at OURLab.

  9.  **Issues Resolved:** No substantive issues have been resolved.

  10.  **Issues in Dispute:** All substantive issues remain in dispute and include the

following:

    a. Whether Plaintiff is an independent contractor or an employee entitled to the protections of the ADEA and Title VII during his tenure at Defendant;

    b. Whether Defendant is liable for reverse gender and/or age discrimination against Plaintiff in terminating and/or failing to hire Plaintiff; and

    c. The amount of damages, if any, Plaintiff is entitled to recover.

11. **Scheduling of Any Hearings Before the Case Management Judge**: At this time, the parties do not have any hearings that must be scheduled in front of the Case Management Judge.

12. **Trial Date and Expected Length of Trial**: Trial is set to begin on September 11, 2012, at 9:00 a.m. before District Judge Sharp. A pretrial conference shall be held on August 20, 2012, at 2:30 p.m. Judge Sharp will issue a separate order setting forth his requirements for both the trial and pretrial conference. Trial is expected to take two days.

13. **Settlement**: The parties do not believe a mediation or settlement conference would be helpful at this time.

It is so ORDERED.

*s/ John S. Bryant*
------------------------------
JOHN S. BRYANT
United States Magistrate Judge

Respectfully submitted,

s/ Cynthia J. Cutler
**CYNTHIA J. CUTLER (#22062)**
Attorney for Plaintiff
2002 Richard Jones Road, Suite B-200
Nashville, Tennessee 37215
(615) 242-0005
ccutler@ccutlerlaw.com

**CHARLES P. YEZBAK, III (#18965)**
Attorney for Plaintiff
2002 Richard Jones Road, Suite B-200
Nashville, Tennessee 37215
(615) 250-2000
(615) 250-2020 Facsimile
yezbak@yezbaklaw.com

AND

/s/ Donna L. Roberts
**DONNA L. ROBERTS (#22249)**
Stites & Harbison, PLLC
401 Commerce Street, Suite 800
Nashville, TN 37219-2376
(615) 244-5200
donna.roberts@stites.com
Counsel for Defendant